UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ABEL MENDEZ**                                                                                    PLAINTIFF

v.                                                                                    No. 5:25-cv-34-BJB

**VIWINTECH WINDOWS & DOORS**                                                 DEFENDANT

\* \* \* \* \*

<u>MEMORANDUM OPINION & ORDER</u>

    Abel Mendez alleges that his former employer, Viwintech Windows & Doors, engaged in intentional discrimination by firing him in March 2024. Complaint (DN 1-2) ¶¶ 7, 17. The following February, proceeding *pro se*, Mendez sued Viwintech under Title VII in state court, and Viwintech removed the case here. Petition for Removal (DN 1). Nine motions are now pending: Mendez has moved to strike affirmative defenses (DN 5), for leave to amend his complaint (DN 12), for equitable tolling (DN 16), to issue a subpoena (DN 20), for a Rule 26(f) conference (DN 23), to stay summary judgment (DN 24), and to reply to a Court order (DN 31); Viwintech has moved for summary judgment (DN 10) and to quash Mendez's subpoena (DN 22).

    This flurry of motions raised, among other issues, one sufficient to resolve the case: exhaustion. Mendez appeared not to have obtained a required "right-to-sue" letter from the Equal Employment Opportunity Commission before filing this lawsuit. *See Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003) ("Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies."). So the Court ordered Mendez to reply to Viwintech's answer, no later than January 31, 2026, with an allegation that he had exhausted these remedies. DN 29 at 2.

    That deadline has come and gone without any such allegation. Instead, seeming to concede his failure to exhaust, Mendez has continued to press his argument for equitable tolling of the exhaustion deadline. *See* DNs 31 & 34. He says that, after his employment ended, he became homeless and received various mental-health diagnoses (including PTSD and depression). As a consequence, he had to use the public library to conduct legal research. These challenges, he insists, were "obstacles" to him obtaining the right-to-sue letter—and therefore justify his failure to exhaust his administrative remedies before turning to court. DN 31 at 3.

Title VII permits prospective plaintiffs 300 days from learning of suspect discrimination to seek such a letter from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Younis v. Pinnacle Airlines*, 610 F.3d 359, 362 (6th Cir. 2010) (explaining "requirement that an employee exhaust administrative remedies with regard to a claim … under Title VII before bringing suit on that claim in federal court").† That deadline can be subject to "equitable tolling," a doctrine that permits courts to forgive a litigant's "failure to meet a legally-mandated deadline" that "arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation marks omitted). *See also Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC" under Title VII "is subject to … equitable tolling."). But the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). The case law identifies five factors for district courts to consider when deciding whether to toll this statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). And even when equitable tolling applies, it permits a court to "forgive [a] late submission" to the EEOC, not a failure to submit entirely. *See Covert v. Cellco Partnership*, 563 F. Supp. 3d 767, 769 (M.D. Tenn. 2021).

Here, Mendez focuses mainly on his diligence and a lack of prejudice to Viwintech. Lack of prejudice to a defendant alone is never a sufficient basis to toll a statute of limitations; it matters only after a plaintiff has established that at least one of the other four factors might apply. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984); *see also Amini*, 259 F.3d at 501. And that Mendez has not done. For one thing, he has now litigated this case in state and federal court for more than a year without obtaining the necessary letter. Courts have sometimes forgiven belated receipt of a letter when it arrives soon after litigation commences. *See, e.g.*, *Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 310 (6th Cir. 2000);

---

† Usually, would-be plaintiffs have 180 days to seek a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1).] But an extended 300-day window applies in cases "with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." *Id.* The parties appear to agree that (1) Kentucky at least arguably had authority to address the wage-discrimination issue that Mendez's amended complaint asserts, and (2) Mendez filed a complaint with the Kentucky Department of Workplace Standards in March 2024. *See* DN 1-2 at 8 (letter from Kentucky agency); DN 33 at 1 (Viwintech conceding the longer deadline applies in Mendez's circumstances). The Court thus assumes without deciding that Mendez had 300 days to seek the EEOC right-to-sue letter.

*Portis v. State of Ohio*, 141 F.3d 632, 634 (6th Cir. 1998); *Min Li v. Qi Jiang*, 38 F. Supp. 3d 870, 874 (N.D. Ohio 2014) ("A plaintiff's failure to obtain a right to sue letter prior to filing a lawsuit can be cured by obtaining the letter after a lawsuit is filed but before a court enters judgment dismissing the action."). Yet despite ample notice of this requirement—since at least Viwintech's answer, filed in March 2025, *see* DN 1-2—Mendez still has not provided any evidence that he has pursued, let alone obtained, such a letter. Whatever obstacles he might have faced in 2024, he has demonstrated capacity to litigate this case throughout 2025—though without any effort to satisfy this requirement. *Cf. Amini*, 259 F.3d at 500–02 (obstacles for part of period do not excuse lack of diligence during remainder of period). And that means all four of the remaining factors—actual notice, constructive notice, diligence, and reasonable ignorance—cut against him. Finally, Mendez has pointed to no inequitable conduct by Viwintech that would have prevented him of learning of his injury or of the relevant exhaustion requirements. *See id.* at 502. To the contrary, his filing of a state administrative complaint in March 2024 demonstrates that he knew of his putative injury almost as soon as his employment was terminated. Equitable tolling is therefore inappropriate in this case.

Absent that, Mendez's failure to exhaust his administrative remedies is undisputed. The only remaining question is what consequence follows. As the Court discussed in its prior order, DN 29 at 2, some courts dismiss cases like this one without prejudice, while others grant the defendant summary judgment. *Compare United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (the former), *with Younis*, 610 F.3d at 362 (the latter). The choice matters because a judgment, but not a dismissal (at least not one ordered without prejudice), has a res judicata effect that bars future litigation. *See, e.g.*, *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1032 (6th Cir. 1998). Here, the Court gave Mendez an extra chance to obtain—or at least demonstrate an attempt to obtain—the right-to-sue letter that the statute required. DN 29 at 2–3. His only response was to try to invoke equitable tolling, which is inappropriate under these circumstances. So the record is now clear that he has "failed to exhaust his administrative remedies." *See Burnett v. Transit Authority of Lexington-Fayette Urban County Government*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013). And because he no longer has a chance to do so, summary judgment is more appropriate than dismissal with leave to amend a second time. *See* FED. R. CIV. P. 15(a)(2); *Yuhasz v. Brush Wellman*, 341 F.3d 559, 569 (6th Cir. 2003) ("amendment would be futile" when plaintiff has conceded he has no other relevant facts to plead).

The Court therefore grants Viwintech's motion for summary judgment (DN 10) and Mendez's prior motion to amend (DN 12). The Court denies all other pending motions (DNs 5, 6, 20, 22, 23, 24, and 31) as moot.